Karin M. Gunter, Esquire
PA Id No. 79852
Law Office of Karin M. Gunter
85 Old Cedarbrook Road
Wyncote, PA 1905                                    ATTORNEY FOR PLAINTIFF,
(215) 548-9992                                      IDRISS K. BYRD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IDRISS K. BYRD,                          :
       Plaintiff                  :        Civil Action No
                                         :
                                         :
   v.                                    :
                                         :        JURY TRIAL DEMANDED
PHILADELPHIA GAS WORKS.             :
       Defendant.                 :

## COMPLAINT

### Preliminary Statement

This action is brought by an employee against his employer for discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-1 *et seq.* ("Title VII"); and Pennsylvania Human Relations Act, *as amended*, 43 P.S. §§ 951-963 ("PHRA"); for violation of his rights under the Civil Rights Act of 1866, *as amended*, 42 U.S.C. §1981a ("Section 1981A").

Plaintiff seeks front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems just and proper.

### Jurisdiction and Venue

1.      Original jurisdiction over Plaintiff's federal question claims is conferred upon this Court pursuant to 42 U.S.C. § 2000e-5(f)(1) and 28 U.S.C. §§ 1331 and 1343.  Supplemental jurisdiction over Plaintiff's state law claims is conferred upon this Court pursuant to 28 U.S.C. § 1367(a).

2.      Venue lies in this district by 28 U.S.C. § 1391(b) and (c) in that all actions complained of occurred and Defendant resides in this district.

3.    Plaintiff has exhausted his administrative remedies under Title VII and PHRA.

4.    On or about November 10, 2015, Plaintiff dually filed an administrative complaint against Defendant Employer with United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging race discrimination.

5.    On or about March 29, 2017, Plaintiff received EEOC's Notice of Right to Sue letter.

A true and correct copy EEOC's Right to Sue Letter is attached as Exhibit "A".

**Parties**

6.    Plaintiff IDRISS K. BYRD ("Plaintiff" or "Byrd") is an adult person and a citizen of the United States.  Plaintiff resides in Philadelphia, Pennsylvania.  At all times relevant to this action, Plaintiff was employed by Defendant Philadelphia Gas Works ("PGW").

7.    Defendant PHILADELPHIA GAS WORKS ("Defendant" or "Employer") is a municipality owned gas utility company.  It is headquartered at 800 W. Montgomery Avenue, Philadelphia, PA 19122 with more than 500 employees.

**Factual Allegations**

8.    Plaintiff is an African American male.

9.    Defendant hired Byrd on or about September 4, 2004 as a Helper in the Field Services Department.

10.    Byrd holds the position of Field Service Technician (Serviceperson A), which he has held since March 25, 2011.

11.    Defendant initially posted the Notice of Non-Union Vacancy for the Field Supervisor, Field Services position (HR Notice 3584) on August 31, 2015 with an application deadline of September 8, 2015.

12.    Defendant then reposted the Notice of Non-Union Vacancy for the same Field Supervisor, Field Services position (HR Notice 3584R) on October 1, 2015 with an application

deadline of October 8, 2015.

13. Neither of the two postings included, as a requirement and qualification for the position, the completion of a written assessment test.

14. On September 4, 2015, Plaintiff submitted an application in response to a posting for the vacant position of Field Service Supervisor (Non-Union Vacancy) with Defendant.

15. Upon information and belief, eight (8) employees submitted applications for the Field Supervisor, Field Services position posted in HR Notices 3584 and 3584R.

16. Of the applicants, six (6) were racially protected class members and two (2) were non-protected class members.

17. The six protected class members were: Plaintiff; Randolph Ferguson ("Ferguson")(African American male); Eric Lopez ("Lopez")(Hispanic male); Juanita Brown ("Brown")(African American female); Bernard Reels ("Reels")(African American male) and Nasir Shaheed ("Shaheed")(African American male).

18. The two non-protected class members were: Thomas Hodge (Caucasian male) and Adam Miller (Caucasian male).

19. Defendant determined that Brown, Reels and Shaheed did not meet the pre-screening process for the Field Supervisor, Field Services position posted in HR Notices 3584 and 3584R.

20. Employer's stated "pre-screening process" as promulgated in its Human Resources Department Personal Policies and Procedures (Non-Union Employee Selection Procedure) Number #005-7 is "Organizational Development will pre-screen all applications and/or resumes prior to scheduling interviews to ensure that all applicants meet the eligibility requirements for applying for an available position. The screening criteria shall be based on the knowledge, skills and abilities required to satisfactorily perform the duties of the position, including a satisfactory attendance and performance record."

21. Thus, Defendant determined that only five of the eight applicants "were successful

in completing the pre-screening process" for the Field Supervisor, Field Service position posted in HR Notices 3584 and 3584R, as defined in Non Union Employee Selection Procedure Number #005-7.

22.   As such, all five applicants should have been afforded an interview for the Field Supervisor, Field Services position posted in HR Notices 3584 and 3584R pursuant to Defendant Employer's Human Resources Department Personnel Policies and Procedures (Non-Union Employee Selection Procedure) Number #005-7.

23.   At the time of application, the five qualified applicants held the positions of: Plaintiff (Field Service Technician – Serviceperson A); Ferguson (Hotel Restaurant Technician); Lopez (Field Service Specialist); Hodge (Field Service Cadet) and Miller (Field Service Specialist).

24.   At the time of application, only three of the five qualified applicants, Plaintiff, Hodge and Miller, had some college education.

25.   Instead of interviewing each of the five qualified applicants, Defendant required them to take a written assessment test, although nothing in HR Notices 3584 and 3584R stated a written assessment test was required, or by what objective standards such a written assessment test would be evaluated.

26.   Each of the five qualified applicants took the written assessment test.

27.   Thereafter, Plaintiff appeared at Employer's Human Resources department to take a written assessment test.

28.   After Plaintiff completed the written assessment test, Plaintiff asked Employer Human Resources Senior Staffing Consultant Susan Grasso ("Grasso")(Caucasian female) if the written assessment test would be used to determine whether he would get an interview.

29.   Grasso informed Plaintiff not to worry because there were no "right or wrong answers" related to the written assessment, and that Plaintiff would be called for an interview for the position.

30.   Upon information and belief, Grasso, Michael Berry ("Berry")(Caucasian male) and Awad Burhan ("Burhan"(Syrian national origin male) evaluated and/or graded each of the five qualified applicants' written assessment test

31.   Upon information and belief, Berry encouraged one or both Hodge and/or Miller to apply for the position of Field Supervisor, Field Services as posted in HR Notices 3584 and/or 3584R.

32.   Upon information and belief, Berry, Hodge and Miller are personal friends outside of the office, and their families socialize outside of PGW.

33.   Of the five qualified applicants, only non-protected class members Hodge and Miller were selected to be interviewed for the Field Supervisor position after completion and scoring of the written assessment test.

34.   On or about November 6, 2015, Plaintiff learned Defendant hired Hodge for the Field Supervisor position as posted in HR Notices 3584 and 3584R.

35.   Plaintiff subsequently learned Defendant also hired Miller for a Field Supervisor position.

36.   Upon information and belief, Plaintiff avers Defendant continues to intentionally discriminate against protected class employees in general and specially related to hiring for the Field Supervisor position by instituting subjective measures including, but not limited to, written assessment tests, passing and/or failing qualified candidates based on race, *inter alia.*

## COUNT I

### Race Discrimination –
### Disparate Treatment and Terms and Conditions of Employment
### (Title VII and PHRA)

37.   Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra.*

38.   Plaintiff is a member of a protected class.

39.   Plaintiff is qualified for the position of Field Supervisor, Field Services Department.

40.   Plaintiff suffered an adverse employment action when Defendant failed to interview him for the position of Field Supervisor, Field Services Department.

41.   Plaintiff suffered an adverse employment action when Defendant required Plaintiff to take a subjectively administered, evaluated and scored written assessment test for the position of Field Supervisor, Field Services Department.

42.   Defendant treated other similarly situated non-protected class employees differently from Plaintiff.

43.   As a result of Defendant's intentional discriminatory conduct, Plaintiff's employment was adversely affected.

44.   Defendant's intentionally discriminatory conduct would have adversely affected a reasonable person of the same protected class as Plaintiff.

45.   Defendant Employer is vicariously liable via *respondeat superior* for the actions of Grasso, Berry and Burhan, *inter alia*.

46.   Defendant failed to provide Plaintiff with the same terms and conditions of employment as similarly situated non-protected class employees.

47.   Defendant's failure to provide Plaintiff with the same terms and conditions of employment created an inference of race discrimination.

48.   Plaintiff avers Defendant Employer's alleged reason for failing to interview and offer him the position of Field Supervisor, Field Services Department were pretext for discrimination.

49.   Plaintiff avers Defendant Employer continues to discriminate him and other protected class members based on race.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant PGW in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

**Respectfully submitted:**

**LAW OFFICE OF KARIN M. GUNTER**

Karin M. Gunter, Esquire

EXHIBIT "A"

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Idriss Byrd<br>3859 N. 18th Street<br>Philadelphia, PA 19140 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-00386 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
**Spencer H. Lewis, Jr.,**
**District Director**

03/27/17
*(Date Mailed)*

Enclosures(s)

CC:
PHILADELPHIA GAS WORKS (PGW)
Brett A. Zahorchak, Esq. (For Respondent)
Karin M. Gunter, Esq. (For Charging Party)